## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL BATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21 C 6099 |
| | ) | |
| ENVISION UNLIMITED, INC., | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Envision Unlimited, Inc.'s ("Envision") Motion to Dismiss Plaintiff Marshall Bates's Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6). Dkt. # 30. For the following reasons, the Court grants Envision's Motion.

## STATEMENT

Bates brings this action against his former employer, Envision, for discrimination, harassment, and retaliation based on his color and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e, *et seq*. and the Civil Rights Act, 42 U.S.C. § 1981. He also alleges a violation of his due process rights under the Fourteenth Amendment.

The following facts come from the SAC and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All

reasonable inferences are drawn in Bates's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Bates was previously employed by Envision. Envision contracts with the Illinois Department of Humans Services.

Bates was "falsely fired" by his supervisor, Jasmine Jones, who accused him of abandoning a resident at a care facility for the mentally challenged ("Facility"). This occurred after Bates witnessed the house manager, named Latrice, stealing food from the Facility while she was supposed to be on vacation. Bates informed another employee on his shift at the time about the incident and alleges that it "should have been recorded in the incident manual." Dkt. # 9, ¶ 21. According to Bates, Envision "has a silent policy of keeping everything in house and punishing employees for reporting misconduct of staff members." *Id*., ¶ 25. On October 13, 2020, Jones informed Bates that he was being terminated and that "her orders had come from the Administration department." *Id*., ¶ 32. Bates alleges that he "was investigated by the Illinois attorney general office which investigated the misconduct and a finding of no cause to discipline the plaintiff was found and the case was dismissed." *Id*., ¶ 33.[1] After the investigation, Bates was fired and never called back to work. Bates alleges that he "hasn't been paid by Envision [] and he should have been put back on the schedule." *Id*., ¶ 38.

---

[1] The Court notes that Bates attaches the investigation report to his response to the Motion to Dismiss, which indicates that it was conducted by the Illinois Office of the Inspector General, and found that the claims of neglect against Bates were "substantiated." Dkt. # 33, at 7.

Bates initiated this action on November 15, 2021, Dkt. # 1, and filed his first amended complaint ("FAC") on January 3, 2022, Dkt. # 6. The FAC alleged claims for discrimination based on Bates's color and religion against Envision and several individual employee defendants. *Id*. On March 8, 2022, the Court dismissed the FAC. Dkt. # 8. The Court dismissed Bates' claims against the individual defendants with prejudice and dismissed his Title VII claim without prejudice, noting that "Bates'[s] Complaint does not state his race, color, or religion, so the Court cannot infer whether it is plausible that he was discriminated against based on these protected classes." *Id*. at 3.

Bates filed his second amended complaint ("SAC") on March 21, 2022. Dkt. # 9. The SAC is nearly identical to the FAC, and alleges Envision violated Title VII by discriminating against Bates based on his color and religion and also violated Bates' Fourteenth Amendment rights. The only addition to the FAC in the SAC is three paragraphs, alleging that: (1) Envision's "policies of hiring and firing" violate the Fourteenth Amendment because they don't "afford employees the right to petition to administration for a hearing"; (2) Bates "was fired and after being found not guilty by the Attorney General office he was never called back to work"; and (3) "As of today [Bates] hasn't been paid by Envision [] and he should have been put back on the schedule." *Id*., ¶¶ 36–38. Envision moves to dismiss the SAC with prejudice for failure to state a claim under Rule 12(b)(6).

3

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The Court first notes that Bates, proceeding *pro se*, is entitled to have his SAC liberally construed by the Court. *See Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a]

4

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). However, even *pro se* litigants "must expect to file a legal argument and some supporting authority" in responding to a motion to dismiss because "[a] litigant who fails to press a point by supporting it with pertinent authority or by showing why it is sound despite a lack of supporting authority forfeits the point." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (cleaned up); *see Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.").

"If [a court] is given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). "It follows that a plaintiff's failure to respond to a Rule 12(b)(6) motion giving plausible reasons for dismissal provides adequate grounds for granting the motion." *Garza v. Cervantes*, 2015 WL 468748, at *1 (N.D. Ill. 2015) (granting dismissal where a *pro se* plaintiff failed to respond to plausible arguments raised by defendants in a 12(b)(6) motion); *see Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("As to the defendants' motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions."); *Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) ("While Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not

present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss," and "[a]ccordingly, [his] retaliation claim has been waived."); *Kirksey*, 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

The Court agrees with Envision that Bates has failed to sufficiently state his discrimination and due process claims.

The same standards apply to Title VII and Section 1981 claims of race discrimination. *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015). "[A] plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). However, a complaint must allege the type of discrimination that occurred, by whom, and when. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010); *see also Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("A litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how she was aggrieved and what facts or circumstances lead her to believe her treatment was *because of* her membership in a protected class.") (emphasis in original). Furthermore, there must be enough facts to establish a plausible connection between the adverse employment action and the plaintiff's protected class. *Shah v. Walmart Stores, Inc.*, 2022 WL 1746850, at *3 (N.D. Ill. 2022).

In dismissing the FAC, the Court noted that Bates's discrimination claim was deficient because it did not "state his race, color, or religion, so the Court cannot infer

whether it is plausible that he was discriminated against based on these protected classes." Dkt. # 8, at 3. The three paragraphs Bates added to the SAC do nothing to address that deficiency. The SAC indicates only that Bates is suing under Title VII and Section 1981 based on "[r]eligion" and "color" but does not state what Bates's religion or color is. Dkt. # 9, ¶¶ 8–9. Furthermore, the SAC in no way explains how Bates's firing was tied to his religion or color.

In Bates's response to the Motion to Dismiss, he makes no argument as to why his discrimination claim should not be dismissed, stating only that the Court should allow him to amend his complaint again. Bates's discrimination claim is therefore dismissed. *See Garza*, 2015 WL 468748, at *1; *Lekas*, 405 F.3d at 614–15.

The Court will, however, give Bates one final chance to amend his complaint. Bates attached several exhibits to his response that at least indicate Bates's religion ("Hebrew Israelite"), that he requested certain days off from work to observe the Sabbath, that he requested to not have to assist the women showering because it is against his religion, and his suggestion that he was "getting discriminated against." Dkt. # 9, at 31. But exhibits to a Motion to Dismiss response do not amend the complaint, and Bates is advised that a third amended complaint will completely replace his SAC. Bates should include those documents and any corresponding factual allegations if he files a third amended complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see also Catalina*

*Nominees Proprietary, Ltd. v. Stericycle, Inc.*, 2021 U.S. Dist. LEXIS 58100, at \*20–21 (N.D. Ill. 2021) (allowing plaintiffs opportunity to amend complaint when "the inclusion of additional detail in their response brief suggest[ed] to this Court that Plaintiffs may be able to remedy the deficiencies of their pleading."). The Court has now laid out for a second time what Bates needs to plead to state a sufficient discrimination claim.[2] Failure to do so will result in dismissal with prejudice.

As to Bates's due process claim under the Fourteenth Amendment, Envision argues that it must be dismissed because Bates "does not allege any facts that would permit an inference that Envision, a private 501(c)(3) nonprofit, acted under color of state law." Dkt. # 31, at 3. It asserts that although Bates alleges Envision had a contract with the Illinois Department of Human Services, a "private entity does not become a state actor merely because it performs services for the government under a public contract." *Id*. (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982)).

Again, Bates waives this claim by failing to address Envision's argument. He seems to agree that he cannot bring a due process claim against Envision and asks to amend his complaint. Bates's Fourteenth Amendment claim is dismissed.

---

[2] The Court also notes that Bates does not sufficiently allege his exhaustion of administrative remedies, i.e., whether and when he filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue prior to filing this action. The SAC states: "The United States [EEOC], on or about September 9, 2020." Dkt. # 9, ¶ 6. "Plaintiff would like the courts to take judicial notice that the exhaustion was completed with the EEOC." *Id*., ¶ 7. Paragraph 6 is an incomplete sentence and does not explain what happened regarding the EEOC. Bates should clarify if and when he filed a charge with the EEOC and/or received a Notice of Right to Sue and attach those documents to his amended complaint.

## **CONCLUSION**

For the foregoing reasons, the Court grants Envision's Motion to Dismiss (Dkt. # 30). The SAC is dismissed without prejudice. Bates may file an amended complaint by 6/21/2023  It is so ordered.

Dated:  5/19/2023

Charles P. Kocoras
United States District Judge